## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH HANSLER                 :

                            :    No.
VS.
                            :    **JURY TRIAL DEMANDED**
LEHIGH VALLEY HOSPITAL NETWORK

### CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Civil Rights Act of 1964 as amended. This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC.

### PARTIES

2. Plaintiff, Deborah Hansler, is an adult individual who resides at 1808 Washington Avenue, Apt. 1, Northampton, PA 18067.

2. Defendant, Lehigh Valley Hospital Network, is a corporation which has a place of business located at what is known as its Muhlenberg Campus, 2545 Schoenersville Road, Bethleham, PA 18017.

3. Plaintiff previously worked for the defendant between

about February 21, 2011 and March 28, 2013 as a teller. On January 2, 2011, she was rehired as a Technical Partner to work at defendant's Muhlenberg Campus.

4. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more employees.

5. In the one year prior to March 11, 2013, plaintiff worked in excess of 1250 hours for defendant and thus qualified to take FMLA protected leave for a serious health condition.

6. Starting on or about March 1, 2013, plaintiff was experiencing symptoms including but not limited to shortness of breath and nausea and vomiting. At first, the origin of the symptoms was unknown, but by about early April 2013 it was determined that the symptoms were caused by diabetes and high blood pressure.

7. On March 13, 2013, plaintiff's physician completed a Family and Medical Leave Written Request Form requesting intermittent leave at a frequency of 2 times weekly starting on March 1, 2013 and lasting for a probable duration of one month- or until about April 1, 2013.

8. Because of the severity of her symptoms, plaintiff was unable to work on the following work days: March 13, 14, 23, 24, and 25, 2013.

9. Plaintiff was fired on March 28, 2013 at the end of her shift due to days she was absent from work including the five

days in March 2013 set forth in paragraph 7 above.

10. Plaintiff reminded defendant that she applied for FMLA protection but defendant responded that her request for FMLA leave was denied.

11. It was not until after she was terminated that plaintiff first saw a letter dated March 26, 2013 which advised her that her request for " . . . family/medical leave of absence (FMLA) for the period of 3/1/13-3/11/13" was denied because " . . . your condition presently does not qualify as a serious health condition under the criteria set forth by the Family and Medical Leave Act."

12. Defendant wrongly denied plaintiff's request for intermittent FMLA leave between about March 1, 2013 and April 1, 2013.

13. Defendant took thirteen days to make the decision to deny plaintiff's request for intermittent FMLA leave without any follow-up with the plaintiff's physician.

14. Plaintiff believes and thus avers that defendant was unhappy that plaintiff missed work on the five days in March 2013 as set forth in paragraph 7 above, and that defendant intentionally denied plaintiff's request for intermittent FMLA leave for that reason.

15. Given that plaintiff was soon thereafter diagnosed with diabetes and high blood pressure, plaintiff suffered from a chronic and serious health condition pursuant to the FMLA. (See

Schuler v. Branch Banking & Trust Co., 2009 U.S. Dist. LEXIS 94043 (W.D. N.C. Oct. 8, 2009)(wherein the court allowed Schuler to rely on evidence of her post-termination diagnosis and treatment for pancreatic cancer to establish a forecast of evidence that she was suffering from an FMLA-covered serious health condition, albeit undiagnosed, at the time of her termination, sufficient to defeat the employer's motion for summary judgment on the issue).

16. Plaintiff's treating doctors were health care providers as defined by the FMLA.

17. Plaintiff was placed on a plan of continuing treatment by her health care providers for the medical conditions hereinbefore mentioned.

18. Plaintiff provided notice to defendant of her need for FMLA protected leave as soon as was practicable as required by the FMLA.

COUNT 1- FMLA Violations

19. Plaintiff repeats paragraphs 1-18 as if more fully set forth herein.

20. Defendant and its agents unlawfully interfered with plaintiff's FMLA rights by threatening to terminate her employment because she took FMLA protected leave.

21. Defendant and its agents violated the FMLA by

terminating plaintiff because she exercised her rights under the FMLA, and took and requested FMLA protected leave.

22. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA protected leave.

23. Defendant and its agents violated the FMLA by discriminating against plaintiff for taking and/or requesting FMLA protected leave.

24. Defendant and its agents unlawfully interfered with plaintiff's request for FMLA leave by intentionally and/or erroneously denying her request for FMLA leave.

25. As a direct result of defendant's unlawful denial of FMLA rights and its termination of plaintiff's employment as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

26. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has been unsuccessful in her efforts to find equivalent employment to date.

27. Plaintiff is entitled to liquidated damages in an amount which is two (2) times actual damages because defendant and its agents intentionally, and/or in bad faith, violated the FMLA.

28. Plaintiff is entitled to recover reasonable attorneys

fees and costs associated with the prosecution of this lawsuit.

29. Plaintiff is entitled to reinstatement of her employment.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, compensatory damages for emotional pain and suffering, punitive damages, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

---

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com